FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 26 2021
TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
~~WESTERN~~ Central DIVISION

JAMIE HARTMAN
a/k/a Jamie Michaels                                        PLAINTIFF

v.    4:21-cv-974-KGB    This case assigned to District Judge Baker
                         and to Magistrate Judge Ray

CITY OF SHERWOOD,
ARKANSAS                                                    DEFENDANT

## COMPLAINT

Plaintiff Jamie Hartman[1], by and through counsel, the Koch Law Firm, P.A., for her Complaint, states:

### PARTIES AND JURISDICTION

1. This is an action to secure a remedy for damages to a citizen and employee under Title VII of the Civil Rights Act of 1964, as amended, and the Arkansas Civil Rights Act of 1993, codified at Ark. Stat. Ann.§ 16-123-105 (hereinafter "ACRA").

2. Plaintiff Jamie Hartman is a resident of Faulkner County, Arkansas. She is—and was at all times relevant to this lawsuit—an employee of the Sherwood Police Department, which is a department of Defendant City of Sherwood. All the events giving rise to this action arose from that employment relationship and occurred in Pulaski County, Arkansas.

3. Defendant City of Sherwood is a municipal corporation organized and existing under the laws of the State of Arkansas. Defendant corporation is located in Pulaski County, Arkansas, and employs more than 15 fulltime persons.

---

[1] Jamie Hartman's previous legal (married) name was Jamie Michaels, and many of the documents and other exhibits that will become part of the record in this case will be under the name Jamie "Michaels." However, because Plaintiff's legal name is now Hartman, this action is thus styled.

1

4. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331 and 28 U.S.C.§1343(a)(3), and this Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367. This Court has personal jurisdiction over the parties, and venue is proper under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS OF FACT

5. The Sherwood Police Department has a poor track record in promoting women and minorities. As of December of 2020, Plaintiff is aware of only five female supervisors (among certified police staff) in the city's history: Cheryl Williams, Bernadette Russell, Beverly Hughes, Pamela Hopkins, and Plaintiff. Of those five, every single one—with the possible exception of Russell—has filed at least one federal or state lawsuit, or a charge with the Equal Employment Opportunity Commission ("EEOC"), against Defendant alleging some form of gender discrimination and/or retaliation. (Additionally, numerous other female employees or job applicants who were not supervisors have filed such actions accusing Defendant of gender discrimination and retaliation violations.) Either these female police supervisors are a remarkably litigious bunch, or Defendant's police department seems to have trouble hiring and promoting female employees.

6. Plaintiff was originally employed by Defendant as a dispatcher/detention officer in May of 2003. She performed well as a detention officer, and in March 2004 she was hired as a full-time patrol officer. Plaintiff performed well as a patrol officer and in May 2009 she was promoted to the rank of sergeant. She performed well as a sergeant and in January 2012 was promoted to the rank of lieutenant. She has been a fulltime employee of the Sherwood Police Department for more than 18 years.

7. In March 2014, Plaintiff filed a complaint against Defendant in federal court—along with an EEOC charge—alleging, *inter alia,* gender discrimination.

8. In August 2015, Plaintiff's previous federal lawsuit was dismissed by agreement of the parties after a settlement conference.

9. After her 2015 EEOC charge and successful lawsuit against Defendant, Plaintiff continued to suffer disparate treatment based on her gender and disparate and oppressive treatment in retaliation for her legal actions (which qualified as protected activity under relevant federal statutes) against Defendant. For example, Plaintiff was not afforded an equal opportunity to receive additional training that would help her continue to attain rank withing the department.

10. During this timeframe, Plaintiff was married to another city employee, William "Bill" Michaels (hereinafter "Bill"). Between 2015 and 2019—after Plaintiff's first legal action against Defendant and before Plaintiff's and Bill's divorce in late 2019—Bill also complained that he was disfavored by the chief of police and upper administration, and Bill confided in Plaintiff his belief that his disparate treatment was due to his marriage and relationship to Plaintiff.

11. In April 2020, Plaintiff took the civil service test for consideration for the rank of captain. In May 2020, the department certified a hiring list for the position of captain within the department. Bill Michaels (Plaintiff's ex-husband) was certified as number one on the promotion list. Plaintiff was certified as second on the list, while another (male) employee, Ray Hogan, was certified as third on the list.

12. The first person on the promotion list, Bill Michaels, was eliminated from consideration for promotion to the position of captain.

13. This left Plaintiff as the next in line for promotion.

14. Nevertheless, Defendant chose to skip over Plaintiff and promote Ray Hogan to the rank of captain, even though Hogan is less educated, has less time in service at the Sherwood Police Department[2], and is less qualified for that position.

15. The effective decisionmakers in Ray Hogan's promotion over Plaintiff were: Chief James Bedwell, Captain Kelvin Nicholson, and Captain Jeff Hagar.

16. In Defendant's responses to inquiries about why Plaintiff was passed over, much weight was given to Plaintiff's divorce from her ex-husband (Bill) and some rumors about an "inappropriate relationship" Plaintiff allegedly had with another police officer while Plaintiff and Bill were married.

17. Nepotism, marriage, and romantic relationships—and the associated personnel conflicts and problems that arise from such relationships—between officers within the Sherwood Police Department is historically pervasive and sordid. However, the manner in which persons involved in such relationships are judged depends upon the gender of the person being judged: When men engage in promiscuous behavior or have relationship problems, management at the Sherwood Police Department is quick to forgive and forget—adopting the age-old "boys will be boys" temperament and taking the position that the behavior does not likely affect the person's job at the police department. However, if a female employee dares engage in—or is even rumored to have engaged in—some behavior where propriety might be questioned or that might offend the prudish among us, those females are judged harshly, as can be seen in the present situation.

18. Indeed, two of the primary decisionmakers in his case, Chief James Bedwell and Captain Kelvin Nicholson, have both been married to—and/or had sexual relationships and

---

[2] Plaintiff has more time in service at the City of Sherwood than Hogan overall. Additionally, during much of Hogan's employment with the City of Sherwood, he was deployed overseas in military action, thus reducing his effective time in service even more.

children outside of marriage with—female city employees within the police department, sometimes leading to significant personnel problems on the job.

19. Defendant was clear in its EEOC responses and other inquiries that Plaintiff's interactions with her ex-husband and rumors of an extra-marital affair impacted its decision to pass over her and promote a male, Ray Hogan, who was lower on the list and otherwise less qualified.

20. However, Defendant has chosen to ignore Ray Hogan's sexual and extramarital misbehavior while employed at the Sherwood Police Department, including his own sexual affairs—in the months leading up to his promotion to captain—with two female subordinates. One of those affairs caused significant problems for the female involved, ultimately contributing to her separation from employment at the department and significant problems in her marriage. Nevertheless—unlike Plaintiff—this behavior was not held against Hogan in his promotion to the rank of captain (and the six-month probationary period that Hogan had after his promotion).

21. Defendant, in its EEOC responses to Plaintiff's charge of discrimination, asserted that certain aspects of Hogan's training—especially his attendance to the FBI national academy—were more important and more than made up for his lack of college education and less time in service (and being lower on the promotion list) than Plaintiff. However, Plaintiff had applied for and sought the same training, but had been denied the opportunity to attend that training. Hogan was sent to the most important training events instead of Plaintiff.

22. Defendant further asserted in its response to inquiries about Hogan's promotion that Hogan should be deemed to be more qualified because of his military background.

23. However, this position is a pretext for Defendant's unlawful actions. Two of the three decisionmakers in this case (Chief Bedwell and Captain Nicholson) have no military background and have previously taken the position that military background is NOT helpful to a

law enforcement career. This is consistent with a nationwide movement in the past years to "demilitarize" the police in our country, recognizing that military functions and civilian police functions are entirely different professions, and that military-type thinking is harmful in civilian police operations. For example: after the famous police crisis in Ferguson, Missouri, then President Obama (in 2015) ended certain programs where military equipment was transferred to civilian police departments, opining that confusing military operations with civilian police operations was a partial cause of our country's police crisis.

24. Giving deference to persons with a military background is not only bad public policy—a point that was well known to Defendant's managers—it also unlawfully oppresses females who wish to obtain rank by giving preference and deference to a non-related male-dominated military background when such preference is not relevant and unwarranted because military experience is not useful in civilian police operations and, indeed, is considered by many experts to be highly detrimental and dangerous to police operations.

25. Defendant City of Sherwood denied Plaintiff training and refused to promote her, instead promoting a lesser-qualified male; Defendant took these actions because of Plaintiff's gender and in retaliation for her previous engagement in protective activity against Defendant.

26. Plaintiff subsequently filed a charge with the Equal Employment Opportunity Commission (EEOC). On August 5, 2021, the EEOC mailed Plaintiff a right to sue letter, which is attached hereto as an exhibit. She now files this lawsuit within 90 days of receiving her EEOC right to sue letter.

27. Defendant engaged in the behaviors described herein as part of its routine policies and practices, and those policies and practices include discrimination against women in the workplace and retaliation against employees who engage in protected activity in the workplace.

28. As a direct and proximate cause of Defendant's acts and omissions as alleged herein, Plaintiff has suffered wage loss, loss of fringe benefits, physical pain and suffering, emotional pain and distress, humiliation, harm to reputation, and other compensable damages; also, Plaintiff has incurred expenses that she would not have otherwise incurred in such amounts to be proved at trial.

### COUNT ONE: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

29. Defendant's actions as described were unlawful in violation of the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964.

### COUNT TWO: RETALIATION IN VIOLATION OF TITLE VII

30. Defendant's actions as described were unlawful in violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964.

### COUNT THREE: GENDER DISCRIMINATION UNDER ACRA

31. Defendant's actions as described were unlawful in violation of the anti-discrimination provisions of Arkansas Civil Rights Act.

### COUNT FOUR: RETALIATION IN VIOLATION OF ACRA

32. Defendant's actions as described were unlawful in violation of the anti-retaliation provisions of the Arkansas Civil Rights Act.

### REMEDIES SOUGHT

33. Plaintiff seeks injunctive and declaratory relief, including her promotion to the rank of captain within the Sherwood Police Department, orders for Defendant to cease all forms of discrimination and retaliation, and court oversight in future promotions within the department until such a time as Defendant can demonstrate that its policies and practices of discrimination and retaliation have been eliminated.

34. Plaintiff seeks backpay with interest, including all fringe benefits and accumulation of leave.

35. Plaintiff seeks compensation for pain and suffering, emotional distress, embarrassment and humiliation, and other damages that may be proved in discovery or at trial.

36. Plaintiff seeks liquidated damages, if applicable.

37. Plaintiff seeks costs of litigation and attorney fees.

## JURY TRIAL DEMAND

38. Plaintiff respectfully demands a trial by jury on all counts.

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor and against Defendant as follows:

a. that Defendant intentionally, and with malicious or reckless indifference to her rights under federal and state law, interfered with Plaintiff's rights under the Title VII and the Arkansas Civil Rights Act;

b. that Plaintiff be awarded compensatory damages in amounts to be determined by a jury;

c. that Plaintiff be awarded liquidated damages;

d. that Plaintiff be awarded reasonable attorney fees and costs of litigation;

e. that Plaintiff be awarded pre-judgment interest;

f. that Plaintiff be awarded injunctive and declaratory relief, including promotion to the rank of captain, and that Plaintiff be awarded such other relief as this Court may deem just and proper.

Respectfully submitted,

Koch Law Firm, P.A.
P.O. Box 7048
North Little Rock, AR 72124-7048
(501) 223-5310 office
(501) 223-5311 facsimile
reggie@reggiekoch.com

By: _____
Reggie Koch, Ark. Bar #2005125



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St., Suite 200
Little Rock, AR 72201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Little Rock Direct Dial: (501) 900-6130
FAX (501) 324-5991
Website: www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS ENCLOSED

RE:  EEOC Charge No.:   493-2021-00466
     Charging Party:    Jamie Michaels
     Respondent:        City of Sherwood

Dear Ms. Michaels:

The United States Equal Employment Opportunity Commission (EEOC) issued the enclosed Dismissal and Notice of Rights (Notice) in the above-referenced charge on the date reflected thereon. Specifically, on that date, EEOC sent you an email notification that EEOC had made a decision regarding the above-referenced charge and advised you to download a copy of the decision document from the Portal. Our records indicate you have not downloaded the Notice from the Portal. For your convenience, a copy of the Notice is enclosed with this letter.

Please note that if the Charging Party wants to pursue this matter further in court, Charging Party must file a lawsuit within 90 days of the date they receive the Notice. The 90-day period for filing a private lawsuit cannot be waived, extended, or restored by the EEOC.

I hope this information is helpful. If you have questions, please contact Rita Barnes by telephone at 501-900-6146 or email at rita.barnes@eeoc.gov.

Sincerely,

*Rita Barnes*

Rita Barnes
Enforcement Supervisor

08/05/2021
Date Mailed


Enclosure

Reggie Koch, Attorney for CP

EEOC Form 161 (11/2020)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jamie Michaels<br>9 Golden Meadows<br>Cabot, AR 72023 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2021-00466 | Chris E. Stafford, Investigator | (501) 324-5812 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for *willful violations*) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred _more than 2 years (3 years)_ before you file suit may not be collectible.**

On behalf of the Commission

*/s/*         07/22/2022

**William A. Cash, Jr.,**
**Area Office Director**    *(Date Issued)*

Enclosures(s)

cc:   **JILL ROSS**
Director of Human Resources
2199 E KIEHL AVE
JDROSS@CITYOFSHERWOOD NET
Sherwood, AR 72120

**Reggie Koch**
KOCH LAW FIRM, PA
PO BOX 7048
N Little Rock, AR 72124