IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMIE HARTMAN**                                                                                         **PLAINTIFF**

v.                                          Case No. 4:21-cv-00974 KGB

**CITY OF SHERWOOD, ARKANSAS**                                                   **DEFENDANT**

**ORDER**

Before the Court is defendant City of Sherwood, Arkansas's motion for protective order (Dkt. No. 6). Plaintiff Jamie Hartman has responded in opposition to the City of Sherwood's request for protective order (Dkt. No. 8). The City of Sherwood has replied in support of its motion for protective order (Dkt. No. 10). For good cause shown, the Court grants the City of Sherwood's motion for protective order (Dkt. No. 6).

I.   **Background**

On June 13, 2022, Ms. Hartman's counsel served the City of Sherwood with plaintiff's second set of requests for production propounded to defendant (Dkt. No. 7-1). On the same day, counsel for Ms. Hartman sent an email to counsel for the City of Sherwood attaching a letter requesting production of the same documents from Sherwood Police Chief Jeff Hagar under the Arkansas Freedom of Information Act ("FOIA"), Arkansas Code Annotated § 25-19-101 *et seq*. (Dkt. No. 7-2). In correspondence with counsel for Ms. Hartman, counsel for the City of Sherwood offered to treat Ms. Hartman's FOIA request as a discovery request under the Federal Rules of Civil Procedure (Dkt. No. 7-3, at 3). Counsel for Ms. Hartman threatened to file a lawsuit in state court if counsel did not produce the documents requested under the FOIA in the time required by the statute (Dkt. No. 7-3, at 1). The City of Sherwood filed a motion for protective order with the Court (Dkt. No. 6).

In its motion for protective order, the City of Sherwood asserts that the Court should enter a protective order forbidding plaintiff from using Arkansas's FOIA for discovery and prescribing that only discovery permitted by the Federal Rules of Civil Procedure will be allowed in the case (Dkt. No. 6, at 3).  Ms. Hartman responds that her FOIA requests are not unusually burdensome, do not harass the defendant, and do not create a one-sided advantage (Dkt. No. 9).  The City of Sherwood replies that the Court should exercise its discretion under Federal Rule of Civil Procedure 26(c) to prevent Ms. Hartman from using FOIA to conduct discovery in the case because it unfairly advantages her during the discovery process because of the burden it places on defendant to respond to discovery requests in three days rather than the 30 days allowed to respond to discovery under the Federal Rules of Civil Procedure and because of the potential penalties that flow from a failure to respond to a FOIA request under Arkansas law (Dkt. No. 10, at 4).

**II.     Analysis**

Rule 26(c), provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Under Rule 26(c), the Court can, among other things:  (1) forbid discovery; (2) specify the terms of discovery, including when and where it is conducted, and who pays for it; (3) proscribe a discovery method other than the one offered by the party seeking discovery; and (4) limit the scope of discovery in certain matters.

Ms. Hartman seeks to obtain the same information through a FOIA request that she seeks to obtain by serving her second set of requests for production propounded to the City of Sherwood. Arkansas's FOIA contemplates protective orders being issued to prevent certain documents from being disclosed under FOIA that are "protected from disclosure by order or rule of court."  *See* Ark. Code Ann § 25-19-105(b)(8).  The Arkansas Supreme Court recognized generally a trial

2

court's authority to issue a protective order in *City of Fayetteville v. Edmark*, 801 S.W. 2d 275 (1990), stating:

> A trial court has the inherent authority to protect the integrity of the court in actions pending before it and may issue appropriate protective orders that will provide FOIA exemption under § 25-19-15(b)(8) . . . . We interpret this section as requiring the circuit court to grant exemption if another court has restricted disclosure of the documents being sought. The FOIA court must give credit to protective orders previously issued by other courts.

*Id.* at 281; *see also Mangieri v. Ark. State Univ.*, Case No. J-C-94-140 (Aug. 30, 1994) (Dkt. No. 7, at 6-10); *State of Arkansas v. Habililtation Center, Inc.*, Dallas County Cir. Crt. Case No. 92-100 (Feb. 14, 1995) (Dkt. No. 7, at 11-20). Additionally, courts have held in some instances that FOIA responses may constitute discovery subject to the Court's authority. *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153 (1989) (in deciding whether an exemption from production applies for records or information compiled for law enforcement purposes "a court must be mindful of this Court's observations that the FOIA was not intended to supplement or displace rules of discovery."); *Parton v. United States Department of Justice*, 727 F.2d 777 (8th Cir. 1984) ("Due to the circumstances present in this suit, it is also well to note that it is not the purpose of the [Freedom of Information] Act to benefit private litigants by serving as a supplement to the rules of civil discovery.").

Ms. Hartman responds that she may use the FOIA as a supplement to discovery (Dkt. No. 9, at 5). It is difficult for the Court to understand how Ms. Hartman's FOIA requests supplement her discovery, however, given that Ms. Hartman's FOIA requests are indistinguishable from her second set of requests for production. While the Court does not find as the City of Sherwood urges that Arkansas' FOIA can never be used in discovery, the Court concludes that under the circumstances currently before the Court where the documents requested by Ms. Hartman in her FOIA requests and her second set of requests for production propounded to the City of Sherwood

are identical, the FOIA gives Ms. Hartman an unfair advantage in discovery. Accordingly, the Court grants the City of Sherwood's motion for protective order to prevent Ms. Hartman from seeking the documents requested in her second set of requests for production propounded to the City of Sherwood through a FOIA request. The City of Sherwood shall respond to the requests for production as required by the Federal Rules of Civil Procedure.

### III.     Conclusion

For the reasons set forth herein, the Court grants the City of Sherwood's motion for protective order (Dkt. No. 6).

So ordered this 9th day of September, 2022.

_____
Kristine G. Baker
United States District Judge