**IN UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| JAMIE HARTMAN a/k/a Jamie Michaels | | PLAINTIFF |
| v. | Case No. 4:21-CV-974 KGB | |
| CITY OF SHERWOOD, ARKANSAS | | DEFENDANT |

**PLAINTIFF'S TRIAL BRIEF**

FACTUAL BACKGROUND

At trial, Plaintiff will strive to prove to the jury the following facts:

Plaintiff was initially hired at the Sherwood P.D. as a dispatcher in 2003. Plaintiff was subsequently promoted to patrol officer in March 2004. Plaintiff was promoted to sergeant in May 2009 by then Chief Kel Nicholson after ranking number one on the sergeant promotion list. Plaintiff was promoted to lieutenant by then Chief Bedwell in 2012, when she was again number one on the promotion list.

In 2014, Plaintiff filed an equal pay lawsuit against Defendant and the matter was settled.

At the time of Hogan's promotion, Plaintiff had never been disciplined in any manner— not even a letter of reprimand—during her employment at Sherwood P.D. Plaintiff has never been terminated or forced to resign from any job in her life. Plaintiff received good evaluations throughout her career, never falling below a satisfactory rating.

At Sherwood P.D., Plaintiff worked in nearly all areas of the department, including: Dispatch, Detention, Support Services, Patrol, Professional Standards, Warrants, Criminal

1

Investigations, administrative lieutenant, patrol lieutenant, and as Field Training Officer Coordinator.

Plaintiff has a master's degree in public administration from ASU Jonesboro. She also teaches classes on police related issues at the Criminal Justice Institute.

During most of his tenure as lieutenant—from his promotion in 2016 until March 2020—Hogan worked over the patrol division; he was transferred to CID lieutenant in March 2020, where he worked until his promotion in December of the same year. Hogan never worked in dispatch or detention and never worked as an administrative lieutenant, as did Plaintiff. Hogan has an associates degree.

In 2017 and 2018, Hogan (who was married at the time) had a sexual affair with Tiana House (also known as Tiana Ratliff). House was a dispatcher who was supervised by Hogan when he was the lieutenant over patrol and dispatch.

In 2019—the year before he was promoted to captain—Hogan also had a sexual affair with another employee named Kara Oswalt, who was also married at the time.

Ray Hogan was a supervisor over Kara Oswalt and Tiana House when he had affairs with them, as Defendant defines the word "supervisor" in its fraternization policy.

Immediately after promoting Ray Hogan to Captain—the promotion that is the subject of this lawsuit—Bedwell retired at the end of December 2020. However, Hagar was promoted to interim chief before Bedwell retired. Hagar was also promoted to chief before Hogan was promoted to captain; indeed, it was Hagar's empty captain position that Hogan filled (after Hagar became chief). While Bedwell says it was his decision to promote Hogan, he admits that both Jeff Hagar and Kel Nicholson participated in the decision.

Prior to promoting Ray Hogan to the rank of captain, Jim Bedwell promoted Jerry Bradford to lieutenant after Bradford was given a 30-day suspension resulting from a sexual harassment complaint by a female sergeant. Bedwell has generally been much more lenient and understanding (at least during promotion decisions) when male employees had affairs and family problems than when female employees had similar issues.

Hagar, Nicholson, and Bedwell deny they knew about Hogan's affairs prior to Hogan's promotion, even though many other within the department (including Plaintiff) knew about the affairs. Hagar, Nicholson, and Bedwell do admit to finding out about Hogan's affairs within a day or so of Hogan being promoted. Hogan—like all persons promoted to captain—was on probation for six months, during which his promotion could be rescinded for any reason. The affairs were not further investigated at all, no disciplinary action was given to Hogan, and nothing was noted in his file.

In 2014, Plaintiff successfully sued Defendant in an equal pay issue. Since that time Plaintiff has been given fewer opportunities to advance within the department. For example, Ray Hogan was selected over her to attend the national FBI academy. Then, Defendant points to Hogan having completed the FBI academy as partial justification for Hogan's promotion over Plaintiff.

Defendant has never, in the history of the Sherwood P.D., promoted a female to the rank of captain, and Defendant has seldom promoted females at all absent litigation by the females to compel such promotions.

## ISSUES AT TRIAL

Most of the facts surrounding Hogan's promotion over Plaintiff (their education, training, time in service, civil service scores, civils service promotion list placement, Hogan's sexual affairs, etc.) are undisputed. The narrower issues at trial will turn on whether—absent Plaintiff's gender

and previous protected activity against Defendant—would Bedwell, Hagar, and Nicholson have considered Plaintiff (with her superior education, more time in service at Sherwood P.D. and higher placement on the civil service promotion list) as being lesser qualified than Hogan, considering his own conduct (sexual affairs with subordinates) as a lieutenant? Or is Defendant's position on its own priorities in the promotion just pretext for discrimination and/or retaliation?

These are the matters that Plaintiff hopes to prove at trial.

Respectfully submitted,

Koch Law Firm, P.A.
P.O. Box 7048
North Little Rock, AR 72124-7048
(501) 223-5310 office
(501) 223-5311 facsimile
reggie@reggiekoch.com

By: _____
Reggie Koch, Ark. Bar #2005125


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been filed electronically via the CM/ECF system on this 1st day of August, 2023, which will electronically notify counsel for the Defendant:

Khayyam M. Eddings
Friday, Eldredge & Clark, LLP
2000 Regions Center
Little Rock, AR 72201-3493

_____
Reggie Koch, Ark. Bar #2005125